J. P. GIRAUD FOSTER AND OTHERS, TRUSTEES, ETC., OF THE LONDON ASSURANCE COMPANY, APPELLANTS, v. JACOB H. VAN REED AND OTHERS, RESPONDENTS.

*Mortgagee — insurable interest of — right of insurer to subrogation.*

The owner of a mortgage for $6,500, upon default of the mortgagor to insure the property covered thereby, procured, in accordance with the provision of the mortgage, a policy for $4,000 to be issued by an insurance company "on her interest as mortgagee," the policy providing "that in case of loss the assured shall assign to this company an interest in said mortgage equal to the amount of loss paid." By the terms of the mortgage, any premiums paid by the mortgagee were to be repaid by the mortgagor, and secured by the mortgage. A

fire having occurred, the company paid the mortgagee the amount due on the mortgage, including the amount of the premium paid to it on the issuing of the policy, took an assignment thereof, and brought this action to foreclose the same. *Held* (1), that the rights of the parties were not affected by the fact that the company, instead of paying the loss, took an assignment of the mortgage; (2), that the insurance was of the property covered by the mortgage, and not of the debt secured thereby; (3), that the amount of the insurance should be applied upon the mortgage, first upon the interest, and then upon the principal; (4), that the company, by the assignment, became the owner of the balance due on the mortgage after such payment, and that as nothing was payable thereon at the time of the bringing of this action, it could not be maintained.

A simple contract creditor has no insurable interest in the real estate of his debtor.

Fire insurance companies, in this State, have no authority to insure a debt, or to guarantee its payment.

*Excelsior Fire Ins. Co.* v. *Royal Ins. Co.* (55 N. Y., 343) followed.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

*John N. Whiting,* for the appellants. The general principles governing the cases involving the rights of mortgagor and mortgagee are: If there is an insurance of the building by the mortgagor, loss payable to mortgagee, the insurer cannot claim subrogation. If there is an insurance of the building by the mortgagee, no such right exists as against the mortgagor. But where there is a distinct, independent and original contract or condition made by the insurer with the mortgagee and inserted in the policy providing for insurance of the mortgagee's interest and for subrogation, there is no privity between either party to the contract of insurance and the mortgagor. He has no rights or interests in the policy nor any claim upon the fund. These principles have been enunciated by the decisions in this State for thirty years. The whole doctrine is carefully and fully considered in 2 American Leading Cases, 825, 835–839, and cases cited. (*Comegys* v. *Vasse,* 1 Pet., 193, 215; *Randall* v. *Cochrane,* 1 Ves., 98; *Woodruff* v. *Insurance Co.,* 2 Dutch., 541, 551, 555, 558; 2 Lead. Cases in Eq. [3d Am. ed.], 232, 376; *Mercantile Ins. Co.* v. *Calebs,* 20 N. Y., 173; *Smith* v. *Colum. Ins. Co.,* 5 Harris, 253; *Kernochan* v. *Ins. Co.,* 17 N. Y., 428; *Ex. Ins. Co.* v. *Royal Ins. Co.,* 55 id., 343; 2 Pars. Maritime Law, 80–84, and notes; Angell on Ins., § 59; Flanders on Ins., 360.)

*Wm. Henry Arnoux,* for the respondents. Under the laws of the State of New York an insurance corporation has no power to guarantee the payment or collection of a debt. Its power is limited to insuring against such loss or damage as happens by fire. (*Excelsior Fire Ins. Co.* v. *Royal Ins. Co. of Liverpool,* 55 N. Y., 343.) The State of New York being the place of inception and performance of this contract, the plaintiffs herein are subject to and bound by the laws of this State. (Herman on Estop., § 568; *People* v. *Cent. R. R. Co.,* 48 Barb., 478; *Bank of Augusta* v. *Earle,* 13 Pet., 521.) The contract being an insurance of the property and not of the debt, the payment by the plaintiff to the mortgagee of the sum insured, instantly extinguished the debt *pro tanto,* and the assignment assigned only the balance due on account of the principal, and did not revive the debt extinguished, or confer upon the plaintiffs any right of subrogation in respect thereto. (*Clinton* v. *The Hope Ins. Co.,* 45 N. Y., 467; *Kernochan* v. *N. Y. Bow. Fire Ins. Co.,* 17 id., 428; *Ins. Co.* v. *Updegraff,* 21 Penn. St., 513; *Springfield Ins. Co.* v. *Allen,* 43 N. Y., 393; *Wood* v. *Northwestern Ins. Co.,* 46 id., 421; *Suff. Fire Ins. Co.* v. *Boyden,* 9 Al., 123; *Brantford* v. *Green Ins. Co.,* 8 Abb., 264; *Lawrence* v. *St. Mark's Fire Ins. Co.,* 43 Barb., 479; *Shotwell* v. *Jeff. Ins. Co.,* 5 Bosw., 262; *Benjamin* v. *Saratoga Co. Mut. Fire Ins. Co.,* 17 N. Y., 415; *Cromwell* v. *Brooklyn Fire Ins. Co.,* 44 id., 47; Flanders on Ins. [1871], p. 367; *Holbrook* v. *Am. Ins. Co.,* 1 Curtis, 193.) In any event, as the contract of insurance does not provide that the bond should be assigned as well as the mortgage, the mortgagee could not be compelled to transfer the bond under that contract, and therefore, so far as the bondsman is concerned, the payment to the mortgagee must be held to be in liquidation of the bond, and the assignment of the bond to the company was a voluntary act of the mortgagee, the legal effect of which was to be determined under the insurance law above cited. (*Cooper* v. *Newland,* 17 Abb. Pr., 342.) A mortgage is only an incident to the debt it was given to secure and cannot be separated therefrom, and a transfer of the mortgage without the debt is a nullity. (*Merritt* v. *Bartholick,* 36 N. Y., 44; *Martin* v. *Mowlin,* 2 Burr., 969; *Green* v. *Hart,* 1 Johns., 580; *Jackson* v. *Blodget,* 5 Cow., 202; *Jackson* v. *Bronson,* 19 Johns., 325; *Wilson* v. *Troup,* 2

Cow., 231; *Cooper* v. *King*, 17 Abb., 342; 4 Johns., 41; 5 Johns. Ch., 570; 9 Wend., 80.)

*J. Smith*, for the respondent Adams.

LEARNED, P. J.:

This is an action to foreclose a mortgage, given by Jacob H. Van Reed to Philo Plank, which was assigned by Mrs. Anna Plank, executrix of Philo Plank, to the plaintiffs, who are the trustees of the London Assurance Corporation. The mortgage contained the usual covenant for insurance on the part of the mortgagor, and an agreement that, in default thereof, the mortgagee, or his representatives, might make such insurance, and that the mortgagor would pay the premium on demand, and that the same should be deemed secured by the mortgage. The mortgage was for $6,500, payable May 1st, 1875, with semi-annual interest.

In April, 1874, Mrs. Plank, then the owner of the mortgage, took out a policy of insurance in the London Assurance Company against loss by fire to the amount of $4,000, " on her interest, as mortgagee," in the buildings on the mortgaged premises. The policy contains this clause : " In case of loss the assured shall assign to this company an interest in said mortgage, equal to the amount of loss paid." Subsequently, in May 1874, the property was injured by fire to an extent exceeding the amount insured, and a claim for the loss was made upon the company. Afterward, in June, 1874, the company, with knowledge of the fire, paid to Mrs. Plank, the holder of the mortgage, $7,044, being the amount of principal and interest, and including $20 paid by her for insurance, and took from her an assignment of the mortgage. It appeared that Mrs. Plank, after taking out this insurance, and before the fire, had called upon one Adams, then the owner of the land subject to the mortgage, and had demanded the repayment to her of the money paid by her for insurance, and had threatened a foreclosure in default thereof. The mortgage contains the usual covenant that, in case of default in the payment of interest for twenty days, the whole principal shall become due, at the option of the mortgagee or his representatives.

The Special Term on trial, held that, to the extent of $4,000, the

payment by the company to Mrs. Plank, operated as a payment upon the mortgage; that the plaintiffs became owners of the balance secured by the mortgage; that such payment was to be applied first upon the interest; and that, therefore, nothing was payable at the commencement of this action; and the complaint was dismissed.

It cannot affect the rights of the parties, that the plaintiffs, instead of paying the loss, took an assignment of the mortgage. They were liable to pay the amount of the loss, and could gain no advantage by the mere form of the transaction.

It is insisted, on the part of the plaintiffs, that the present case differs from many of a somewhat similar character, which may be found in the books, in these respects : First, that the assurance is of the mortgagee's interest ; second, that there is an agreement for subrogation. But it is well pointed out in *Excelsior Fire Ins. Co.* v. *Royal Ins. Co.* (55 N. Y., 343), that insurance companies in this State have no authority to insure a debt, or to guarantee its payment. Their authority is only to insure *property* against loss by fire. The same thing appears by the charter of the plaintiffs which authorizes them to insure buildings or merchandise, but gives no authority to insure, or guaranty, debts. Whatever, then, may be the language used in the policy, the real meaning is that the company insures the property, and the mention of the insured, as mortgagee, is intended as a statement of the manner in which the insured is interested in the property. It certainly would not be claimed that a mere simple contract creditor could obtain a valid insurance of his debt from a fire insurance company. The creditor must have an interest in the real estate to authorize him to insure.

Furthermore, in the present case there was an agreement between the mortgagor and mortgagee that the mortgagor should insure the property, and that, in case of his failure so to do, the mortgagee might insure; and the mortgagor should repay the premiums, which should also be secured by the mortgage. The insurance effected by Mrs. Plank, was therefore under this authority. The mortgagor was liable personally to her for the premium, and the premium was secured on the land. Even when the plaintiffs took an assignment of the mortgage, they paid to Mrs. Plank the $20 premium. And this could have been done only on the ground

that she had a claim on the mortgagor therefor, or that she was secured by the mortgage for this amount. The mortgagor, then, being liable for the premium, is entitled to the benefit of the insurance.

The claim made by the plaintiffs is opposed to the idea of insurance. This is, that, for certain money paid, the company shall bear the loss in case of fire. To illustrate : Suppose the owner of property should insure it with the plaintiffs, by a policy which should contain a clause that, in case of loss, the owner should convey to the company an interest in the property equal to the amount of the loss paid. The absurdity of such a contract would be apparent. But the same absurdity exists in this present policy as construed by the plaintiffs. They claim the right to take the premiums, and to undertake no risk whatever, if the land and the mortgagor together are good for the mortgage debt.

Again, suppose that the plaintiffs should take the privilege (often found in policies) of repairing a partial injury. Such repairs would plainly become a part of the original property, and would thus inure to the benefit of the mortgagor as well as of the mortgagee. The respective rights of the mortgagor and mortgagee would remain unaffected, and the insurance company would have made good the injury by repairing the buildings.

We may properly look upon the money, payable on a loss, as taking the place of the destroyed property. Instead of the buildings, the insurance company places the $4,000. This money is received by the mortgagee and so far pays the debt.

On the question of application, Mrs. Plank had not claimed the privilege that the whole money secured should be payable. The whole was not, therefore, payable. The money paid to her was not by her specifically applied. Under the ordinary rules, therefore, it was applied by the court, and applied properly.

The judgment should be affirmed.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.